

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

August 31, 2007

Mr. James Ray Streinz
1100 S. W. 6th Avenue, #1600
Portland, OR 97204

Ms Natalie C. Scott
88 East Broadway
Eugene, OR 97401

RE:    RAJNUS, Jerry A.; Case No. 03-64277-aer7
        PREMIER WEST BANK v JERRY A. RAJNUS, et al.
        Adversary Proceeding No. 06-6310-aer
        Cross Motions for Summary Judgment

Counsel:

      This letter is intended to announce my findings and conclusions on the pending cross motions for summary judgment filed by Plaintiff and Defendant, Brent Thomas.

Facts:

      The facts as supported by the record and of which I can take judicial notice indicate the following:

      On March 30, 1994, Debtor herein, Jerry Rajnus, executed a note in favor of Plaintiff's predecessor, Timberline Community Bank (Timberline), for $122,937.73. The note memorialized an obligation arising from federal bank fraud. Debtor defaulted on the note, and Timberline sued.

      On December 18, 1995, Timberline obtained a judgment against Debtor for $90,000 in Klamath County Circuit Court. The judgment attached as a lien against Debtor's real property in Malin, Oregon, which Debtor owned jointly with his wife, Dixie Rajnus. On May 15, 1996, Debtor was convicted of federal bank fraud.

      On May 22, 2003, Debtor filed this Chapter 7 case. He failed to list Plaintiff or Timberline in the schedules.

The date first set for the 11 U.S.C. § 341(a)[1] meeting of creditors was July 1, 2003. The deadline for filing complaints under §523(a)(2), (4), or (6) was September 2, 2003.

The Chapter 7 Trustee, Candace Amborn, identified potential assets and notice to file claims went out establishing October 21, 2003 as the claims bar-date for nongovernmental creditors. In the meantime, Debtor received his discharge on September 5, 2003.

Debtor defaulted on his obligations to First Union Bank, who held a trust deed lien on the Malin property. First Union moved for relief from stay, which the Trustee opposed.

In February, 2005, a notice of surplus assets went out to creditors. Also in February, 2005, the Trustee employed a real estate broker and entered into a stipulated order re: relief from stay with First Union.

On March 21, 2005, the Trustee noticed an intent to abandon the Malin property and filed an amended report indicating no assets were available for distribution to creditors. There were no objections to the abandonment notice and the property was deemed abandoned.

On April 14, 2005, the Chapter 7 case was closed. Plaintiff obtained actual knowledge of the case after it was closed.

After case closure, First Union sold the Malin property at a nonjudicial trust deed foreclosure sale to Defendant, Thomas (Thomas) for over $133,000. The trustee's[2] deed to Thomas was recorded on June 24, 2005.

Plaintiff renewed its Klamath County judgment on November 21, 2005. Thomas objected thereto.

On August 14, 2006, on Plaintiff's motion, an order was entered reopening this main Chapter 7 case, and then by self effectuating terms, closing it once the present adversary proceeding was filed on September 12, 2006.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56(c). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

[2] That is, the trustee under the trust deed, as opposed to the Chapter 7 Trustee.

Mr. Streinz & Ms Scott
August 31, 2007
Page-3

With regard to its own claims or defenses, the movant must support its motion with evidence-using any of the materials specified in Rule 56(c)-that would entitle it to a directed verdict if not controverted at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986)(Brennan, J)(dissent). There must be more than a "scintilla," indeed the evidence must be "significantly probative." Anderson, supra at 249-250, 106 S. Ct. at 2511. If the movant makes the requisite affirmative showing, the burden of production shifts to the non-moving party to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial. Celotex, supra at 2557 (Brennan dissent).

With regard to a motion for summary judgment attacking the opposing party's claims or defenses (i.e. those for which the nonmovant has the burden of proof at trial), and assuming sufficient time for discovery, the movant may discharge his Rule 56 burden in two ways. He may submit evidence affirmatively negating elements of the nonmoving parties' claims or defenses (method one) or, he may affirmatively demonstrate (other than by a conclusory statement) that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim, (method two), Celotex, supra at 2557 (Brennan dissent), as there is "no express or implied requirement . . . that the moving party support its motion with affidavits or other similar material negating the opponent's claim." Id. at 2553. (majority opinion). Once the moving party has met its burden of production under either method, the directed verdict standard once again comes into play, as the burden shifts to the nonmoving party to produce evidence sufficient to sustain a jury verdict on those issues for which it bears the burden at trial. Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir. 1995) (quoting Celotex). This again requires the nonmoving party to produce significant probative evidence. Anderson, supra (a dispute with regard to a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party).

Discussion:

The applicable statute is §523(a)(3) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
>> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
>>
>>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

> (B) if such debt is of a kind
> specified in paragraph (2), (4),
> or (6) of this subsection, timely
> filing of a proof of claim and
> timely request for a
> determination of
> dischargeability of such debt
> under one of such paragraphs,
> unless such creditor had notice
> or actual knowledge of the case
> in time for such timely filing
> and request.

It is undisputed that Plaintiff was neither scheduled, nor had notice or actual knowledge of the case in time to timely file a proof of claim or timely file a complaint under §523(a)(2), (4), or (6).

Two issues immediately arise. The first is whether §523(a)(3) blocks discharge of a debt in Chapter 7 where potential assets are reported by the trustee, a claims bar-date is set, the creditor does not receive notice of the case in time to file a timely proof of claim, the potential assets fail to materialize, and the case is ultimately closed as no-asset with no distribution to creditors.[3] Two views have evolved. The "strict" view holds that because a claims bar-date was set, the statute's plain terms compel a finding of nondischargeability. Under the "liberal" view, the court weighs equitable factors in deciding whether to discharge the debt. Compare, Dawson v. Unruh *(In re Dawson)*, 209 B.R. 246 (10th Cir. B.A.P. 1997) (strict view),[4] with, Homestate Insurance Brokers v. Brosman, *(In Re Brosman)*, 119 B.R. 212 (Bankr. D. Alaska 1990) (liberal view). A related issue where underlying §523(a)(2), (4) or (6) allegations are made as here, is whether an equitable exception to §523(a)(3)(B) exists where the delay in notice has prejudiced the creditor's ability to prove its dischargeability claim. In this District, the caselaw supports examination of one equitable factor, material prejudice to the creditor, in construing §523(a)(3), in cases such as the one at bar.

In Urbatek Systems, Inc. v. Lochrie *(In Re Lochrie)*, 78 B.R. 257 (9th Cir. B.A.P. (Or) 1987), the court held that §523(a)(3)(B)[5] waives the 60 day deadline for filing complaints

---

[3] The facts at bar must be distinguished from the typical chapter 7 no-asset case, where no claims bar-date is set. There, if no §523(a)(2), (4) or (6) claims are extant, the debt would be discharged. Beezley v. California Land Title Co. *(In re Beezley)*, 994 F.2d 1433 (9th Cir. 1992); White v. Nielsen *(In Re Nielsen)*, 383 F.3d 922 (9th Cir. 2004).

[4] Thomas' argument that by virtue of §726(a)(2)(C), the word "timely" in §523(a)(3)(A), means "before distribution," is inapposite to the facts at bar, as here, by every indication, there will be no distribution.

[5] Section 523(a)(3)(B) by its terms requires proof of both lack of notice in time to file a timely proof of claim and lack of notice in time to request a timely determination of dischargeability under

under §523(a)(2), (4) or (6) for creditors who did not receive notice in time to meet the deadline.[6] The creditor must nevertheless ordinarily prove a claim under one of those subsections, but may be excused from such proof upon a showing of material prejudice by virtue of the delay in receiving notice. Id. at 259-60. The debtor's state of mind in failing to schedule the debt is irrelevant. Melkonian v. Onken *(In re Onken)*, Adv. # 91-3567-S (Bankr. D. Or., Feb. 24, 1992) (Sullivan, J.) (unpublished). While Lochrie and Onken concern an equitable exception when the right to prove a dischargeability claim is compromised, I see no principled distinction between this and equity's intervention into §523(a)(3)'s parallel provision, when the right to file a timely proof of claim, and hence receive a distribution from the estate is compromised. Thus I will examine "material prejudice" in both contexts.

Here, Plaintiff's ability to obtain a dividend from the estate was not as a matter of law, materially prejudiced, because this is a no-asset case.[7] As to its ability to prove a §523(a)(2) or (6) claim,[8] Plaintiff argues material prejudice due to loss or destruction of evidence during the delay in notice. This constitutes a material issue of fact and summary judgment must be denied.

Plaintiff has alternatively argued that its claim should be excepted from discharge on "lack of constitutional due process" grounds. This argument is not ripe as the Amended Complaint contains no such claim, and the court is unwilling to amend the pleadings without a formal motion to do so.

---

§523(a)(2), (4) or (6). This conjunctive requirement would produce a harsh and unintended result in a no-asset, no-bar-date case to the victim of fraudulent or intentional misconduct. In such case, the creditor would never be able to claim exception to discharge as under Beezley, supra, the "lack of notice in time to file a timely claim" prong could never be met. To avoid this result, the courts have construed the requirements to be in the disjunctive. See, e.g., In Re Padilla, 84 B.R.194 (Bankr. D. Co. 1987).

[6] See, §523(c) and FRBP 4007(c).

[7] The right to receive a distribution from the estate is the only right protected by the "timely filed proof of claim" prong of the statute, and as such, the only standard by which material prejudice may be measured . See, Nielsen, supra at 927 (dicta) ("'the entire thrust of §523(a)(3)(A) is to protect the creditor's right to file a proof of claim, and so to participate in any distribution of assets of the estate . . . '") (quoting, Judge O'Scannlain's concurrence in Beezley, supra, at 1436) (emphasis added); accord, Stone v. Caplan *(In re Stone)*, 10 F.3d 285 (5th Cir. 1994).

[8] The Amended Complaint alleges both underlying grounds.

Mr. Streinz & Ms Scott
August 31, 2007
Page-6

     The cross motions for summary judgment will be denied. An appropriate order will be entered. The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

                                    Very truly yours,

                                    ALBERT E. RADCLIFFE
                                  Bankruptcy Judge

AER:vhd